IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TANZOLA SNEED, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-19-626 |
| SW TRUCKING LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendants, SW Trucking LLC ("SW Trucking") and Bogden Jedra (collectively "Defendants"), move this Court to dismiss, or, in the alternative, for a grant of summary judgment on, Counts III and IV of Plaintiff Tanzola Sneed's Complaint for negligent entrustment and negligent hiring, training, retention, and supervision (the "Motion") (ECF No. 30). After considering the Motion and the responses thereto (ECF Nos. 31, 32), the Court finds no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons stated herein, the Court GRANTS Defendants' Motion.

### **FACTUAL BACKGROUND**

On April 6, 2016, Plaintiff was asleep on the top bunk in a semi-truck parked near a Giant Distribution Center in Jessup, Maryland. ECF No. 1-1 at 2, ¶ 7. Simultaneously, Mr. Jedra was operating a semi-truck with an attached trailer on behalf of SW Trucking in front of the parked truck. *Id.* at 2, ¶ 8. Mr. Jedra's truck rolled backward as he exited it, striking the truck in which Plaintiff was sleeping and causing him to fall from the top bunk to the floor, causing injury. *Id.* at 2–3, ¶ 9; ECF No. 30 at 3. Defendants do not dispute that Mr. Jedra was an employee of SW

Trucking, that he was acting within the scope of his employment, or that the accident was caused by Mr. Jedra. ECF No. 30 at 2–3.

**PROCEDURAL BACKGROUND**

On December 28, 2018, Plaintiff filed the Complaint against Defendants in the Circuit Court for Howard County, Maryland. ECF No. 1-1. On February 27, 2020, Defendants removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1. Defendants filed an Answer on March 1, 2019, ECF No. 6, which they amended on October 3, 2019, ECF No. 17.[1] After some discovery had occurred, on January 27, 2020, Defendants filed their Motion, seeking to dismiss, or, in the alternative, be granted summary judgment on, Counts III and IV of the Complaint. ECF No. 30. Plaintiff filed a Response in Opposition on February 10, 2020, ECF No. 31, to which Defendants replied on February 13, 2020, ECF No. 32. This matter is now fully briefed, and the Court has reviewed Defendants' Motion and the responses thereto.

**DISCUSSION**

Defendants move to dismiss Counts III and IV of Plaintiff's Complaint. Alternatively, Defendants ask the Court to grant summary judgment in their favor on the same Counts.

**A. Standard of Review**

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as

---

[1] On May 3, 2019, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of all parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 8.

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

If the motion to dismiss "is supported by matters outside the pleading which the Court does not exclude, the motion shall be treated as one for summary judgment" pursuant to Rule 56. *Humphrey v. National Flood Ins. Program*, 885 F.Supp. 133, 136 (D.Md. 1995). Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Supreme Court has clarified that not every factual dispute will defeat a motion for summary judgment but rather, there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphases in

original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

The party seeking summary judgment bears the initial burden of either establishing that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013) (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477 U.S. at 249). Thus, "to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the

nonmoving party on the evidence before it." *Moss v. Parks Corp.*, 985 F.2d 736, 738 (4th Cir. 1993) (quoting *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)).

### B. Defendants' Motion

Plaintiff brings a claim for negligent entrustment in Count III and a claim for negligent hiring, training, retention, and supervision in Count IV. In Defendants' Amended Answer, Defendants admit that Mr. Jedra was acting in the course and scope of his employment with SW Trucking and that it is "more likely than not" that Mr. Jedra made a driver error causing the accident in question. ECF No. 17 at 13, ¶¶ 52–53. Based on these admissions, Defendants now argue in their Motion that because they have conceded agency and responsibility for the accident, Maryland law provides that "derivative counts" of negligent entrustment and negligent hiring, training, supervision, and retention are "superfluous and unnecessary" and should be dismissed. ECF No. 30 at 7. Plaintiff responds that this Court held on December 4, 2019, that Defendants could not make these arguments, which Defendants previously presented in a discovery dispute. ECF No. 31 at 2. In the relevant Order, this Court held in December that Defendants could not use these arguments to preclude the Plaintiff from taking the deposition of a Rule 30(b)(6) witness. ECF No. 26 at 2. The Court notes here that the December Order was specifically limited to a discovery dispute between the parties and is not relevant to the currently pending Motion. Additionally, while discovery correspondence was an inappropriate method by which to raise Defendants' arguments, a motion to dismiss or a motion for summary judgment is an acceptable method by which to raise them. Accordingly, Plaintiff's allegation that the Court has already found Defendants cannot make the arguments in their current Motion is unpersuasive.

*1. Plaintiff Cannot Sustain a Claim for Negligent Entrustment.*

In Maryland, negligent entrustment arises when

5

> [o]ne who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Curley v. Gen. Valet Serv., Inc.*, 270 Md. 248, 255 (1973) (quoting RESTATEMENT (SECOND) OF TORTS § 390). Essentially, under the doctrine of negligent entrustment, "an employer owes a duty of reasonable care to select fit employees who will not cause an unreasonable risk of harm to others." *Day v. Stevens*, No. JMC-17-2638, 2018 WL 2064735, at *2 (D.Md. May 3, 2018) (quoting *Warr v. JMGM Group, LLC*, 433 Md. 170, 225 (2013)). An employer is only liable for negligent entrustment "'if a reasonable man could have foreseen the negligent acts' and 'when the foreseeability of harm stems from past conduct, it must be conduct so repetitive as to make its recurrence foreseeable.'" *Brown v. Kahl*, No. JMC-18-325, 2018 WL 4108030, at *2 (D.Md. Aug. 29, 2018) (quoting *Essem v. Stone*, No. PWG-14-113, 2014 WL 4182615, at *2 (D.Md. Aug. 19, 2014)).

Defendants argue that because SW Trucking has admitted agency and responsibility for the collision causing Plaintiff's injuries, Plaintiff cannot maintain his claim of negligent entrustment against them. Defendants base this argument on the Maryland Court of Appeals case *Houlihan v. McCall*, 197 Md. 130 (1951). In *Houlihan*, a truck driver for a company collided with a woman at an intersection. *Id.* at 133–34. Before trial, the driver's employer formally admitted the driver was acting as its agent at the time of the accident. *Id.* at 137. Because it had admitted agency, the employer argued that the trial court's admission of the driver's driving record was a prejudicial error. *Id.* at 137–38. The Court of Appeals agreed, holding "when agency had been admitted it was quite unnecessary to pursue the alternative theory [of negligent entrustment or

hiring] in order to hold the corporate defendant. It was only necessary to prove negligence on the part of the driver." *Id.* The Court of Appeals further found admitting the driver's driving record

> might have some probative force as one of a chain of circumstances tending to prove a habit of recklessness known to the employer, although it was irrelevant to establish negligence at the time of the accident. . . . But where agency is admitted it can serve no purpose except to inflame the jury.

*Id.* at 140.

This Court has previously applied *Houlihan*. In *Villalta v. B.K. Trucking & Warehousing, LLC*, No. DKC 2007-1184, 2008 WL 11366412 (D.Md. Aug. 4, 2008), Judge Chasanow held "[u]nder Maryland law, a plaintiff seeking only compensatory damages cannot bring a negligent entrustment claim against an owner of a vehicle, where the owner has admitted that the driver of the vehicle was his agent or employee." *Id.* at *5 (citing *Houlihan*, 197 Md. at 137–38). Judge Chasanow explained that the court in *Houlihan* "found it would be both unnecessary and improper to allow the plaintiff to proceed against the owner under both negligent entrustment and agency theories," because negligence on the driver's behalf was all that was required to "hold the corporate defendant." *Id.* (quoting *Houlihan*, 197. Md. at 138). If courts allowed plaintiffs to pursue negligent entrustment after an employer had admitted agency, it would open up the introduction of prejudicial evidence of the driver's past offenses, which are irrelevant when agency has been admitted. *Id.*

This Court's decision in *Day v. Stevens* is particularly relevant here.[2] In *Day*, the defendant had also filed a motion to dismiss, or, in the alternative, seeking summary judgment on, plaintiff's claims of negligent entrustment and negligent hiring, training, and supervision. 2018 WL 2064735,

---

[2] The Court notes that the plaintiff in *Day v. Stevens* was represented by Plaintiff's counsel in this case. The complaints in both cases are nearly identical, barring factual distinctions. *Compare* ECF No. 1-1, *with* JMC-17-2638, ECF No. 2.

at *1. The defendant in *Day* was also relying on *Houlihan* and *Villalta* to support the dismissal of these claims. *Id.* at *4. Regarding *Houlihan*, this Court summarized,

> because the corporate defendant had already conceded that it was vicariously liable (and therefore available to satisfy any verdict against the driver), the negligent entrustment claim not only became superfluous, but created a pathway for the potential introduction of unfairly prejudicial evidence against the driver in deciding the issue of his negligence.

*Id.* Ultimately, this Court held "the Maryland Court of Appeals' decision in *Houlihan* clearly supports [d]efendant's contention that [p]laintiff cannot proceed with its negligent entrustment claim once vicarious liability has been admitted." *Id.* at *5.

Here, Plaintiff only seeks compensatory damages. *See* ECF No. 1-1 at 8, ¶¶ 52–55 (seeking "monetary damages"). Because he only seeks compensatory damages, this case falls squarely within the guidance of *Villalta* and *Day* as those cases applied *Houlihan*. In fact, this case is nearly identical to *Day*. Accordingly, because SW Trucking has admitted agency and responsibility in their Amended Answer, Plaintiff "cannot proceed with [his] negligent entrustment claim." *Day*, 2018 WL 2064735, at *5. Thus, Defendants' Motion to dismiss Count III of Plaintiff's Complaint is GRANTED.

   2. *Plaintiff Cannot Sustain a Claim for Negligent Hiring, Training, Retention, and Supervision.*

In Maryland, negligent hiring, training, retention, and supervision arises when "the employer of the individual who committed the allegedly tortious act owed a duty to the plaintiff, [] the employer breached that duty, [] there was a causal relationship between the harm suffered and the breach of the employer's duty, and [] the plaintiff suffered damages." *Baltimore-Clark v. Kinko's Inc.*, 270 F.Supp.2d 695, 700–01 (D.Md. 2003) (quoting *Penhollow v. Bd. of Comm'rs for Cecil Cty.*, 116 Md.App. 265 (1997)). Employers have a duty "to use reasonable care to select employees competent and fit for the work assigned to them and to refrain from retaining the

services of an unfit employee," which extends to "members of the public who would reasonably be expected to come into contact" with the employee. *Perry v. Asphalt & Concrete Servs. Inc.*, 447 Md. 31, 52 (2016) (quoting *Henley v. Princes George's Cty.*, 305 Md. 320, 336 (1986)). There are two separate factors to establish causation for a negligent hiring claim: "[f]irst, the plaintiff must show that the failure of an employer to undertake a reasonable inquiry resulted in the [employee's] hiring. Next, even 'if a negligent hiring is shown, the plaintiff must still prove that the hiring was a proximate cause of the [plaintiff's] injury.'" *Id.* (quoting *Cramer v. Hous. Opportunities Comm'n of Montgomery Cty.*, 304 Md. 705, 713 (1985)) (alterations in original).

The Court's analysis regarding Plaintiff's negligent entrustment claim also applies to Plaintiff's negligent hiring, training, retention, and supervision claim. *See supra* Part B.1. Regarding negligent hiring specifically, the Court of Appeals in *Houlihan* stated "[w]here a driver's known incompetence is in issue, the exclusionary rule must yield, no doubt, to the necessity of permitting proof of previous misconduct. But where agency is admitted it can serve no purpose except to inflame the jury." 197 Md. at 140. Accordingly, for the reasons stated in Part B.1, Defendants' Motion to dismiss Count VI of Plaintiff's Complaint is GRANTED.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion (ECF No. 30) is GRANTED. Counts III and IV of Plaintiff's Complaint will be DISMISSED. A separate Order will follow.

<u>April 9, 2020</u>             <u>     /s/       </u>
Date                                               A. David Copperthite
                                                     United States Magistrate Judge